UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STEPHEN HOPKINS                          CIVIL ACTION

VERSUS                                   NO: 11-2968

MURPHY EXPLORATION &                     SECTION: "A" (4)
PRODUCTION CO., USA

ORDER AND REASONS

The following motions are before the Court: **Motion for Summary Judgment (Rec. Doc. 30)** and **Motion in Limine to Strike David E. Cole (Rec. Doc. 29)** filed by defendant Murphy Exploration and Production Co., USA.  Plaintiff Stephen Hopkins opposes the motions.  The motions, scheduled for submission on September 26, 2012, are before the Court on the briefs without oral argument.

Plaintiff Stephen Hopkins filed this lawsuit to recover for a back injury that he claims to have sustained while working aboard the MEDUSA, a spar production platform permanently secured to the seabed in the Gulf of Mexico on the Outer Continental Shelf.  Defendant Murphy Oil was the owner/operator of the MEDUSA.  Hopkins was employed by Trinity Catering as a utility hand aboard the MEDUSA pursuant to a contract between Murphy and Trinity.  Hopkins's contention in this case is that he injured his back when he was forced to carry a six gallon box of water up

1

a flight of stairs to the galley.  Hopkins contends that the dumb
waiter that he could have used was inoperable at the time.

This matter is scheduled to be tried to a jury on November
13, 2012.  Murphy now moves for summary judgment arguing that
there is no basis under Louisiana law to hold Murphy liable for
Hopkins' alleged injuries.

### 1.    *Motion for Summary Judgment*

Summary judgment is appropriate only if "the pleadings,
depositions, answers to interrogatories, and admissions on file,
together with the affidavits, if any," when viewed in the light
most favorable to the non-movant, "show that there is no genuine
issue as to any material fact."  TIG Ins. Co. v. Sedgwick James,
276 F.3d 754, 759 (5th Cir. 2002) (citing Anderson v. Liberty
Lobby, Inc., 477 U.S. 242, 249-50 (1986)).  A dispute about a
material fact is "genuine" if the evidence is such that a
reasonable jury could return a verdict for the non-moving party.
Id. (citing Anderson, 477 U.S. at 248).  The court must draw all
justifiable inferences in favor of the non-moving party. Id.
(citing Anderson, 477 U.S. at 255).  Once the moving party has
initially shown "that there is an absence of evidence to support
the non-moving party's cause," Celotex Corp. v. Catrett, 477 U.S.
317, 325 (1986), the non-movant must come forward with "specific
facts" showing a genuine factual issue for trial.  Id. (citing
Fed. R. Civ. P. 56(e); Matsushita Elec. Indus. Co. v. Zenith

Radio, 475 U.S. 574, 587 (1986)).  Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. Id. (citing SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1993)).

Murphy argues that Plaintiff's deposition testimony establishes that the dumbwaiter really didn't cause the injury and that Plaintiff could have avoided carrying the six gallons of water had he elected to proceed in a different fashion.

The issues and extent of causation and comparative fault, which are the essence of Murphy's position, must be decided by the jury.  The arguments that Murphy makes cannot form the basis for this Court granting judgment as a matter of law in favor of the defendant.  The jury will decide whether the dumbwaiter was inoperable (and if so whether as the result of negligence), whether the dumbwaiter caused Plaintiff's injury, and the extent to which Plaintiff should be held accountable for his own injuries.

Murphy also cites case law in support of its contention that a principal generally cannot be held liable for the torts of an independent contractor.  See, e.g., Graham v. Amoco Oil Co., 21 F.3d 643, 645 (5th Cir. 1994).  Murphy's reliance on this principle of Louisiana law is misplaced because Hopkins is not attempting to hold Murphy liable for the negligence of an

independent contractor.   Hopkins is attempting to hold Murphy

liable for its own negligence in failing to provide an operable

dumbwaiter.   In fact, Graham specifically states that a principal

remains liable for its own acts of negligence.   21 F.3d at 645

(citing Ellis v. Chevron U.S.A., Inc., 650 F.2d 94, 97 (5th Cir.

1981); Smith v. Ind. Lumbermens Mut. Ins. Co., 175 So. 2d 414,

416 (La. App. Ct. 1965)).

     In sum, this case is replete with genuine issues of material

fact.   Murphy is not entitled to judgment as a matter of law and

the motion for summary judgment is therefore DENIED.

### 2.    Motion in Limine to Strike David E. Cole

     Murphy moves to strike Plaintiff's liability expert, David

Cole.   Murphy argues *inter alia* that the jury is capable of

understanding the issues in this case without an expert, that

Cole is offering impermissible legal conclusions, and that his

testimony is speculative.

     "A witness who is qualified as an expert by knowledge,

skill, experience, training, or education may testify in the form

of an opinion or otherwise if . . . the expert's scientific,

technical, or other specialized knowledge will help the trier of

fact to understand the evidence or determine a fact in issue . .

. ."   Fed. R. Evid. 702(a).   Expert testimony "serves to inform

the jury about affairs not within the understanding of the

average man."   United States v. Moore, 997 F.2d 55, 57 (5th cir.

4

1993) (quoting United States v. Webb, 625 F.2d 709, 711 (5th Cir.

1980)).   An expert opinion is not helpful and is unnecessary when

the trier of fact can "adeptly assess [the] situation using only

[its] common experience and knowledge.   Welch v. Noble Drilling,

Inc., No. 04-2689, 2005 WL 5950958, at *1 (E.D. La. Dec. 7, 2005)

(Lemelle, J.).   Opinions that merely reveal acts or omissions, or

obvious conditions, in support of theories of negligence do not

constitute expert opinions.   Id. (citing Stafford v. Texaco, No.

05-0888, 1996 WL 61783, at 7-8 (E.D. La. 1996)).

David Cole is a retired United States Coast Guard officer.

Mr. Cole has an impressive vitae, which includes a juris doctor.

He routinely consults in admiralty and maritime cases.

This case is about whether a dumbwaiter was working or not

at the time of the accident (there is disputed factual evidence

as to this point) and whether the plaintiff should have lightened

the load of a box that he carried to the galley instead of

carrying 6 gallons of water at one time.   The issues are quite

simple.   The case is governed by state law, not admiralty, and

coast guard regulations and specifications have no relevance that

the Court can discern.   Cole's expertise, which again is

impressive, no more qualifies him to opine about whether an

inoperable dumbwaiter was the cause of Plaintiff's injury than a

random citizen from the street, or a jury of seven persons for

that matter.   Cole's testimony will not assist the trier of fact

in determining the issues that govern this case.  The motion in limine is therefore GRANTED.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 30)** filed by defendant Murphy Exploration and Production Co., USA is **DENIED**;

**IT IS FURTHER ORDERED** that the **Motion in Limine to Strike David E. Cole (Rec. Doc. 29)** filed by defendant Murphy Exploration and Production Co., USA is **GRANTED**.

October 2, 2012

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE